THE ESSEX COUNTY ELECTRIC COMPANY, PLAINTIFF IN ERROR, v. ANDREW KELLY, DEFENDANT IN ERROR.

The plaintiff below was injured in 1890 by the breaking of a defective pole which he was directed by the superintendent of the company to ascend. There being some evidence to show that a proper inspection of the pole would have disclosed the defect, and that it had not been inspected since 1888, it was properly submitted to the jury to determine whether the defendant company had exercised due care in the discharge of the duty it owed to the plaintiff to provide poles reasonably safe for the work in which he was employed.

---

On error.

Argued at February Term, 1897, before Justices Depue, Van Syckel and Lippincott.

For the plaintiff in error, *E. A. & W. T. Day.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

Van Syckel, J. Kelly, the plaintiff below, was injured in November, 1890, by the breaking of a pole which was

shown to be defective. There was evidence that he was directed by the superintendent of the defendant company to ascend the pole.

There was also some evidence to show that a proper inspection of the pole would have disclosed the defect which caused the injury to the plaintiff; that it had not been inspected since 1888, and that it should, in the exercise of reasonable care, have been inspected once in each year. There was a previous trial of this case, in which the judgment was brought into this court for review. The court recognized the duty of the master to take reasonable care to furnish tools and appliances with which, and places on or about which, the servant is employed to work, reasonably safe for the work, but reversed the judgment because it appeared that the defect in the pole was latent, and there was no evidence to show a want of proper inspection or that the defect could have been discovered by such inspection. *Essex County Electric Co.* v. *Kelly,* 28 *Vroom* 100.

That evidence was supplied on the trial of the case now under review, and it was submitted to the jury with proper instructions, as was also the evidence with respect to obvious dangers and contributory negligence.

No error in law appears, and the judgment should be affirmed.